(No. 1088—<span style="background:black">     </span>

AMERICAN FILM COMPANY, INCORPORATED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1928.*

CASSELS, POTTER & BENTLEY, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim for the refund of $568.58, excess franchise tax and penalties paid to the Secretary of State of the State of Illinois, in the year 1921, by above named claimant, a corporation duly organized and existing under the laws of the State of Virginia, and duly admitted and authorized to transact business in the State of Illinois. There is no dispute as to the facts in the case, that said sum was paid under protest, on October 24th, 1921, to the Secretary of State, and that said fund was held by said Secretary of State for a period of two years, when same was turned over to the State Treasury. At the time claimant paid the money into the hands of the Secretary of State, the statute in force governing the payment of monies into the State Treasury was the act of 1911, namely: "An Act to amend 'An Act in relation to the payment of public money of the State into the State Treasury'." Approved June 9, 1911, as amended and filed July 13, 1921, laws of Illinois, pp. 586-587, which provided that all public moneys received by said officers should be paid into the State Treasury not later than thirty days after the receipt of same, and that if the money had been paid under protest, then a copy of the statement of protest should be filed with the money, which protested payment would thereby be held in a separate fund by the State Treasurer for a period of two years. This obviously provided a method by which claimant.

could have pursued its remedies in a court of record to recover the funds so alleged to be illegally paid, from the State Treasurer, during any time within the period of two years after the date of payment to the State Treasurer. If the claimant, however, did not pursue its legal remedies, or failed therein, then, after a lapse of two years, the State Treasurer could commingle the said special fund with the public funds of the State.

Claimant having failed to pursue its legal remedies, we feel that it is not the purpose of this court to determine the rights of claimant who is or may be barred by the constitutional provision against making the State of Illinois, a party defendant in law or equity, and the claim is accordingly disallowed.